Marvin, J.
This suit was brought in the court of common pleas of this county by John C. Engel as guardian of his minor son, Andrew T. Engel, against The Standard Lighting Company, asking to recover a judgment for personal injuries received by his ward while in the employ of the defendant The Standard Lighting Company. The petition sets out that Andrew T. Engel was employed by the defendant about a stamping machine. He was employed as a pressman — that was the name of his employment. His business was to put sheets of iron into a stamping machine, and the machine had a platform; there were guards about that so that when the sheet placed into the machine, by these guides or guards which were about the outside, it would push in just far enough and would be held at each side, the right and left, at the right point, so that by laying it upon the table or platform and pushing it forward, it was sure to get into the right place on the machine, without the employe placing his hand under the place where the die came down, and was forced down at the proper time to make indentures in this sheet that was thus placed in the press. The machine, the petition alleges, was out of order at the time that young Engel entered upon his-work at that machine. It was out of order in that the guides were broken and did not properly perform the office which they should have performed,necessitating his placing his hand so far Out upon the iron which was on the table or platform, as that if the die came down while his hand was there, he would receive injury, but that would not have been so if the guides had been upon the machine as they ought to have been. So .that it is said that the employer, The Standard Lighting Company, was negligent in leaving these guides thus out of order. But in addition to that it is said that the die or plunger, which came down upon the sheet of iron,was caused to come down upon it by the operation of a clutch; that that was operated *495 by a treadle. The foot was placed upon this treadle, and that caused the clutch to operate which threw down the die, and that that was out of order. The petition alleges that while this Andrew T. Engel, the young man, the ward, was employed on. the 21st of June, 1892, upon this machine, he did put a piece of iron, a sheet of iron, upon this platform into the machine, and that in order to adjust it and have it in right place, he was obliged to place his hand forward, the plunger came down and injured him, and the suit is brought to recover for that damage.
He says that the foreman who was in charge of this work had knowledge,at the time the ward of the plaintiff was thus employed, that said clutch was out of repair and failed to hold up said blank-holder and plunger, and also knew that the same had recently before failed to operate, and had allowed said blank-holder and plunger to fall, and knowing the same and that said guides were broken off and gone and that in operating said press it would be neccessary for the operrator to place his hands beneath the said blank-holder and plunger to properly place the sheets, and knowing that the clutch was then out of order and repair, and that said blank-holder and plunger were liable to fall while . the operator’s hand was under the press and in a place of danger, ordered and directed said Andrew T. Engel to proceed to operate said press, and place the sheets thereunder, and to remove the pans therefrom after they had been drawn. The sheets of iron were pressed and shaped by the use of this machine into a sort of pan called a heat holder, I believe. “Said foreman was then and there notified by said Andrew T. Engel and Charles Fay, who had been operating said press, that said clutch was out of order and said gauges were gone, and that said blank-holder and plunger had then recently before fallen because said clutch was out of repair, and said foreman then and *496 there directed said Andrew T. Engel to take the place of Charles Fay, and to go on and operate said press in the manner aforesaid, and that he, the said foreman, would have said gauges fixed and replaced in proper condition,and said foreman then and there said to said Charles Fay, in the presence and hearing of said Andrew T. Engel, that said clutch was not out of repair, and that the blank-holder and plunger had fallen because Fay had touched the pedal, and said Andrew T. Engel then and there trusted and relied upon said statements of said foreman,and each of them, and believed them to be true.
The allegation, then, is that the attention of the foreman was called to the fact by the man who had been operating this press that the clutch was out of order,and that the dies were out of order; that the foreman promised that as to the-guides he would see that they were properly repaired; that as to the clutch, he said to the young man: “You are mistaken; it is not out of order, but the falling of the plunger at' the wrong time on a former occasion was because the operator hit his foot against the pedal and caused the plunger to fall;” and under those circumstances Engel went on to operate the machine.
Now,-an answer was filed to this petition which admitted that the defendant was a corporation. It charged contributory negligence on the part of the young man who was injured.
No demurrer was filed to the petition, but when the case came up for trial, objection was made to the introduction of any evidence on the part of the plaintiff, on the ground that the allegations of the petition were not such as to entitle him to a recovery. The court sustained that objection, and the plaintiff not desiring to plead further, judgment was entered for the defendant with costs in the case, and the case comes here for review.
*497 It was urged before us that the petition was sufficient, because so far as the guides were concerned, there was a promise on the part of defendant to repair, and that the plaintiff had a right to rely upon that promise and go on at the risk of the employer. That so far as the clutch was concerned, the employer, the defendant, by its foreman,had stated that the clutch was not out of repair, and that the plaintiff, or the plaintiff’s ward, relied upon that, and had a right to rely upon that.
Now, the petition shows, so far as it shows anything about the knowledge of this clutch being out of repair, that each, the foreman and Engel, had the same information about it. The foreman said to Fay, in the presence and hearing of said Engel, that said clutch was not out of repair. First, the attention of the foreman was called to the fact that it was out of repair. Engel knew about that; the foreman knew about it — -each knew the same. Whether it was out of repair or not, each had the same information about it. The foreman said that if was not out of repair, and that the reason the plunger had fallen, as I have said, was because of the fact that the operator had hit his foot against the treadle. But there is no allegation in this petition that Engel did not know that it was out of repair, and the allegation, as I have said, showed that he knew the same about it as the other man knew, and there was no promise to repair that, but simply it was said to him “It isn’tout of repair.”
Under the case in the 49 Ohio St. Reports, 598, Coal & Car Company v. Norman, it is said in the syllabus:
“In an action by a servant against his master for an injury resulting from the negligence of the latter in furnishing appliances, xr in caring tor the premises where the work is to be done, the plaintiff must aver want of knowledge on the part of the defects causing the injury; or that, having such knowledge, he informed the master and continued in his employment upon a promise, express or implied, to remedy the defects; an averment that the injury occurred without fault on his part is not sufficient.”
*498 Now, that being the law,' and that is the law declared by our Supreme Court, we think this petition does not contain sufficient averments to authorize a recovery upon it. We think that it was proper for the court to say that no evidence could be introduced under this petition, because there is no allegation here] that there was any promise to repair the clutch; nor is there any allegation that the plaintiff didn’t know all about that clutch. We think that the court of common pleas was right in holding that no evidence could be introduced, and we affirm the judgment of the common pleas.
We are cited to a case in the 40th Ohio St. Reports, 148, Manufacturing Company v. Morrissey. The syllabus of that case is:
“M, while using a machine in his capacity of workman for a manufacturing company, acquired a knowledge of its ■defects and consequent unsafe condition. Fie complained ■of its condition to the foreman, under whose orders he was working, and whose duty it was to-see that the machinery was kept in good order and repair. The foreman promised him to remedy said defects, and directed him to go to work on the machine. The workman thereupon remained in the service of the company and continued to use the machine, and in so doing was injured through its said defects before any steps were taken to remedy the same.
“Held, that the workman’s knowledge of the defects in the machine was not, under the circumstances and as matter of law, conclusive of contributory negligence on his part; but it was a fact in the case to be taken into consideration by the jury, with all the other facts and circumstances, in determining the question, whether the workman’s own negligence contributed to the accident by which he was •injured.’’
Without stopping to read further fvom'jthe opinion of the Court, it will be seen that that was a case where there was a promise on the part of the employer to^repair the defective machinery, and the rsliance upon that promise. Here there was only a promise to repair one of the defects, and *499 it would seem that the defect in the machinery by which the plunger was likely to fall,® and did fall,[would be the thing that there should have Lbeen a[ promise to repair in order to authorize this young man to have proceeded and rely upon the company, his employer,to protect!,him; that is to say, proceed at the risk of the employer.
Blandin & Rice, for Plaintiff in Error. Frederick A. Henry, for Defendant in Error.
I think the petition was defective in not stating that the employe did not know of the defective clutch, or else that there was a promise to repair that defective clutch.